UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IRMA C. ALFARO,<br><br>      Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>      Defendant. | No. CV-08-0113-CI<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec. 13, 15.) Attorney Jeffrey Schwab represents Irma Alfaro (Plaintiff); Special Assistant United States Attorney David Burdett represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. (Ct. Rec. 8.) After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment and remands the matter to the Commissioner for additional proceedings under 42 U.S.C. § 405(g).

**JURISDICTION**

On March 29, 2004, Plaintiff applied for Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act. (Tr. 74, 160.) Plaintiff alleged disability due to vertigo, migraine headaches, and back ache, with an onset date of August 1, 2003. (Tr. 112.) Benefits were denied initially and on

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS - 1

reconsideration. (Tr. 42, 46.) Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ Mary Bennett Reed on December 11, 2006. (Tr. 392-430.) Plaintiff, who was represented by counsel, and vocational expert Jill Dempsey testified. The ALJ denied benefits and the Appeals Council denied review. (Tr. 6-7, 15-25.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF THE CASE

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here. Plaintiff was 37 years old at the time of the hearing and had an 8th grade education. (Tr. 396.) She was married but not living with her spouse. She had seven children; six children, ages 8-18, were living with her at her house and helped her with the household chores. (Tr. 408.) She had past work experience as a combine driver, cashier and tree trimmer. (Tr. 135.) Plaintiff is 5'6" tall and weighed between 236 and 265 pounds during the relevant period. (Tr. 17, 419.) She stated she could not work due to dizziness, headaches, back aches, and nausea, vomiting, and weakness from her medications. (Tr. 404-06.) She stated she spent most of the day in bed due to her impairments. (Tr. 409.)

## ADMINISTRATIVE DECISION

At step one, ALJ Reed found Plaintiff had not engaged in work during the relevant period. (Tr. 17.) At step two, she found Plaintiff had severe impairments of "obesity, hearing loss in the left ear, vertigo, borderline intellectual functioning, and personality disorder." (*Id*.) At step three, the ALJ found these impairments do not meet or equal one of the listed impairments in 20

C.F.R. Part 404, Subpart P, Appendix 1 (Listings). (Tr. 20.) ALJ Reed found Plaintiff to be "less than fully credible." (Tr. 23.) At step four she found Plaintiff had the residual functional capacity for light exertion as follows:

> She can lift and carry 20 pounds occasionally and 10 pounds frequently. She can stand and/or walk 6 hours in an 8-hour day with regularly scheduled breaks. She can sit 6 hours in an 8-hour day with regularly scheduled breaks. She can occasionally climb stairs and ramps, but should not climb ropes, ladders, or scaffolds. She should avoid work around unprotected heights or hazards. She is capable of understanding, remembering, and carrying out simple repetitive tasks. She should avoid working with the general public, but she can work alone or with a few other coworkers.

(Tr. 21.) Based on the record and vocational expert testimony, ALJ Reed found Plaintiff was able to perform other work in the national economy and was not disabled. (Tr. 25.)

## STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner*, 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

**SEQUENTIAL PROCESS**

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.
>
> In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Perales,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary*

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS - 4

*of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Plaintiff argues the ALJ erred when she (1) found Plaintiff's headaches and back condition were not "severe" impairments, (2) did not consider all impairments in combination, and (3) found Plaintiff could perform sustained work at step five. (Ct. Rec. 14.)

**DISCUSSION**

To satisfy step two's requirement of a severe impairment, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The step two inquiry is a *de minimis* screening device to dispose of groundless or frivolous claims. *Bowen v. Yuckert*, 482 U.S. 137, 153-154 (1987). The Commissioner has passed regulations which guide dismissal of claims at step two. Those regulations state an impairment may be found to be "not severe" *only* when evidence establishes a "slight abnormality" on an individual's ability to work. *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) (*citing Social Security Ruling (SSR)* 85-28). The ALJ must consider the combined effect of all of the claimant's impairments on the ability to function, without

regard to whether each alone was sufficiently severe. *See* 42 U.S.C. § 423(d)(2)(B) (Supp. III 1991). The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. The combined effect of all medically determinable physical and mental impairments should be considered at step three and four. 20 C.F.R. §§ 416.926(a) (c); 416.945(a)(2). The failure to do so is legal error requiring remand. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

In determining whether a claimant has a severe impairment the ALJ must evaluate the medical evidence submitted and explain the weight given to the opinions of accepted medical sources in the record. The regulations distinguish among the opinions of three types of accepted medical sources: (1) sources who have treated the claimant; (2) sources who have examined the claimant; and (3) sources who have neither examined nor treated the claimant, but express their opinion based upon a review of the claimant's medical records. 20 C.F.R. § 416.927. A treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a non-examining reviewing or consulting physician's opinion. *Benecke v. Barnhart,* 379 F.3d 587, 592 (9th Cir. 2004); *Lester*, 81 F.3d at 830. "As is the case with the opinion of a treating physician, the Commissioner must provide 'clear and convincing' reasons for rejecting the uncontradicted opinion of an examining physician." *Lester*, 81 F.3d at 830 (*citation omitted*). If the opinion is contradicted, it can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record. *Andrews,* 53 F.3d

at 1043.

Here, the ALJ discussed the medical evidence which included reports from treating physicians Tuan Nguyen, M.D., and Lylanya Cox, M.D., at Moses Lake Community Health, examining neurologist Craig Garver, M.D., and examining psychologist James Bailey, Ph.D. She also considered evidence from non-examining agency physicians, Sharon Underwood, Ph.D., and Sean Mee, Ph.D. (Tr. 17-20, 21-22, 23-24.) The ALJ found Plaintiff's chronic low back pain and chronic headaches were not severe impairments because they "have not been shown to have posed more than minimal limitation on her ability to perform basic work-related activities." (Tr. 20.)

Medical records indicate Plaintiff was treated for headache and low back pain at the Moses Lake Community Health clinic (MLCH) on March 20, 2003, her first medical appointment since September 2002, when she was seen for a rash and pain of the right arm. (Tr. 280-83.) Imaging reports from March 2002, indicated "negative lumbosacral spine," no fractures, and well-maintained disc spaces and vertebral body heights. (Tr. 283.) Dr. Nguyen prescribed medication and referred Plaintiff to Craig Garver, M.D., neurologist, for evaluation of chronic dizziness and headaches.[1] In

---

[1] Plaintiff had seen Dr. Garver in 1999 and 2000 for vertigo and headaches. (Tr. 239.) At that time, after treatment and followup, her back pain, vertigo and headaches were considered "mild," (*i.e.*, causing "no significant interference" with work activities) by her primary treatment provider in August 2001. (Tr. 248.) She was found to have full range of motion and no limitations on agility or flexibility. Physical therapy and weight loss were

his June 2003 evaluation, Dr. Garver noted Plaintiff had suffered a head injury before she was seven years old. (Tr. 285.) Plaintiff reported her head had been hit by a car trunk lid when she was six years old, and she was hospitalized for several days. (Tr. 290.) She stated she had had a prior CT scan in Moses Lake, but this medical report is not in the record before the court. Dr. Garver concluded since she was having "no focal symptoms," a repeat scan was not needed. (Tr. 288.) Dr. Garver prescribed a new medication regime, and referred her to therapy to learn techniques she found effective in relieving her dizziness in the past. (Tr. 287-88.) Plaintiff reported dizziness was preventing her from finding labor work that required bending, and Dr. Garver opined her vertigo would impair her ability to work at heights or at jobs requiring bending. (Tr. 287-88.) He encouraged Plaintiff to look for jobs that did not require these activities. (Tr. 288.) The ALJ correctly found Plaintiff's vertigo is a "severe impairment," based on Dr. Garver's evaluation and treatment.

In contrast, there is no objective medical evidence that Plaintiff had a medically determinable back impairment. Plaintiff's statements of chronic back pain are not sufficient to establish a severe impairment. As discussed in the ALJ's credibility findings, Plaintiff's employers reported she worked driving a combine without any indication of impairment. (Tr. 23, 229-30, 233-34.) In August 2001, Plaintiff's medical providers noted her back problems were due to obesity and deconditioning. (Tr. 247.) In 2000, imaging reports did not show abnormalities. (Tr. 283.) Because there is no

---

recommended. (Tr. 249.)

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
REMANDING FOR ADDITIONAL PROCEEDINGS - 8

objective medical evidence of a back impairment, the ALJ properly found no severe back impairment. 20 C.F.R. § 416.908.

As for migraine headaches, the ALJ discounted Plaintiff's complaints of headache pain, speculating that Plaintiff may be motivated by drug-seeking behavior. (Tr. 20, 23.) This reason is not supported by substantial evidence. The record includes consistent diagnoses of "migraine headache" and "chronic headache" from Plaintiff's treating physicians, who treated her with a variety of medications. These diagnoses were not rejected with "clear and convincing evidence." *See Lester*, 81 F.3d at 830-32. Plaintiff's complaints of headache pain, and difficulties with migraine treatment are fully documented in the record. Her complaints are entirely consistent with a diagnoses of migraine headaches; therefore, this impairment is considered "severe" at step two. *Webb v. Barnhart*, 433 F.3d 683, 687-88 (9th Cir. 2005).

Because chronic migraine headaches were diagnosed by Plaintiff's treating physicians, and were treated with pain medication, it follows that this impairment could be reasonably expected to cause pain. However, it is noted on independent review that the ALJ did not include the effects of pain, in combination with Plaintiff's vertigo, obesity, and effects of the medications in her hypothetical to the vocational expert at step five. This is legal error. *Embrey v. Bowen*, 849 F.2d 418, 423 (9th Cir. 1988). Further, the VE testimony is not conclusive that Plaintiff could perform or sustain work with her limitations.

At step five, the ALJ presented the following hypothetical:

> [T]his person is limited to lifting and carrying 20 pounds occasionally, 10 pounds frequently. Able to stand and

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS - 9

> walk for six hours out of eight, and sit for six hours out of eight with normal breaks. Can occasionally climb stairs and ramps and balance. To avoid climbing ropes, ladders, or scaffolds, or working around unprotected heights or hazards. That this person be limited to understanding, remembering and carrying out simple, repetitive tasks. And she should avoid working in occupations where she would have to work with the general public, but would be able to work alone or with a few other coworkers.

(Tr. 423-24.) The VE testified there would be a significant number of light, unskilled work Plaintiff could do. (Tr. 424.)

In a second hypothetical, the ALJ added the following limitations: "[T]his person could have periods of vertigo lasting for a couple of minutes. It would be triggered by moving their head from side to side, or up and down, or even bending over and coming back up. You know, bending at the waist." (Tr. 425.) After the second hypothetical, the VE testified that in all jobs identified, "there would be movement of the head." (*Id.*) When asked by the ALJ if the jobs identified were precluded by the additional limitations, the VE did not respond directly. (*Id.*) It is not clear, based on this testimony, the VE's testimony in response to follow-up examination by Plaintiff's representative, and the ALJ's finding that Plaintiff had severe vertigo, that Plaintiff can perform the jobs identified, considering all symptoms in combination, including psychological symptoms. (*See* Tr. 426.)

The ALJ's failure to consider the effects of all Plaintiff's impairments and symptoms in combination at steps four and five is legal error. Because the hypothetical does not include all limitations supported by the record, including pain due to chronic headaches, the vocational expert's testimony is not substantial

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
REMANDING FOR ADDITIONAL PROCEEDINGS - 10

evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). It is not clear from the record that Plaintiff is disabled; therefore, remand for additional proceedings is required. *Benecke*, 379 F.3d at 593.

Because a step two determination that an impairment is severe "only raises a *prima facie* case of a disability," Plaintiff might not succeed in proving she is disabled, as defined by the Social Security Act. *Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007) (*citing Tackett*, 180 F.3d at 1100). However, it is not conclusive that a reasonable ALJ, considering Plaintiff's limitations caused by physical and psychological impairments in combination (as required by the Regulations) would find Plaintiff "not disabled." *Stout v. Commissioner*, 454 F.3d 1050, 1056 (9th Cir. 2006). On remand, Plaintiff may submit additional medical evidence, including results of new imaging and the CAT scan which, according to Plaintiff, was being ordered by her treating physician to evaluate further Plaintiff's condition. (Tr. 408.) The ALJ will obtain a new neurological consultative examination and medical expert testimony, if deemed necessary to fully evaluate Plaintiff's impairments. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13)** is **GRANTED** and the case shall be remanded to the Commissioner pursuant to 42 U.S.C. § 405(g) for additional proceedings as directed above;

2. Defendant's Motion for Summary Judgment **(Ct. Rec. 15)** is **DENIED;**

3. Application for attorney fees may be made by separate

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
REMANDING FOR ADDITIONAL PROCEEDINGS - 11

motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for **PLAINTIFF,** and the file shall be **CLOSED**.

DATED February 13, 2009.

                <u>S/ CYNTHIA IMBROGNO</u>
               UNITED STATES MAGISTRATE JUDGE